# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MomoCon, LLC,<br>1709 Belle Isle Circle NE<br>Atlanta, GA 30329,<br><br>    Plaintiff,<br><br> v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>    Defendants. | Civil Action No. _____ |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

  Plaintiff MomoCon, LLC ("MomoCon"), by and through its attorneys, alleges and states as follows:

### INTRODUCTION

  1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. MomoCon, a small business that promotes live concerts, performances, panels, competitions, and theatrical productions by rock bands, R&B artists, electronic artists, orchestras, and cultural performers, demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both MomoCon's application and its appeal, without giving a reason for either denial.

4. The COVID-19 pandemic has had a devastating impact on MomoCon, forcing it to cancel its annual 4-day event in 2020 and 2021. As a result of losing its primary source of revenue (ticket sales) and providing refunds for advanced ticket purchases, MomoCon experienced a loss of 105% of its revenue in 2020 as compared to 2019. MomoCon needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like MomoCon recover from the major setbacks they have experienced because of the pandemic.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though MomoCon demonstrated that it is an eligible live venue promoter that partners with an eligible live venue, the Georgia World Congress Center ("GWCC"), it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of MomoCon's application.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7.  Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8.  This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.  Plaintiff MomoCon, LLC is a small business that promotes and produces live on-stage performances by rock bands, R&B artists, electronic artists, orchestras, and cultural performers. Founded in 2009, MomoCon is woven into the fabric of the Atlanta community, with Atlanta Convention and Visitors Bureau estimating that MomoCon's annual event alone has resulted in a $30,000,000 economic impact in Atlanta. For over 16 years, MomoCon has been a leader in the Atlanta entertainment community, organizing one large 4-day annual event, known as MomoCon, spanning multiple stages, auditoriums, and rooms, including a 2,000 seat arena built by MomoCon. The annual event includes over 800 hours of live concerts, performances, amateur theatrical productions, panels, and Japanese and American cultural programs. In addition to its annual event, MomoCon promotes multiple smaller events throughout Georgia during the year, which includes career fairs, fandom events, concerts, contests, on-location photoshoots, live gaming tournaments, and themed dinner and music events.

10. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build, and grow businesses.

11. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.     Shuttered Venue Operators Grant Program**

12.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

13.     SVOG awards may be used for specified business expenses, including payroll, rent and utility payments that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14.     An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

15.     Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

16.     Eligible entities under the Act include live venue operators and promoters, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

17. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18. The Act defines live venue promoter to include an entity that as a principal business activity organizes, promotes, produces or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

19. The Act specifies that for a live venue promoter (as well as a live venue operator, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.    MomoCon's SVOG Application and the SBA's Denial**

20. On April 26, 2021, MomoCon applied for a SVOG award of $1,044,330.08.

21. In its application, MomoCon demonstrated that it satisfied the criteria for eligibility. MomoCon demonstrated that its losses in 2020 exceeded the 25% statutory threshold by submitting its federal tax returns for 2019 and 2020. MomoCon also submitted, among other things, sample venue rental contracts that provided for audio video services, lighting, security, and a storage unit rental for MomoCon owned equipment, box office reports reflecting ticket sales and refunds, and sample contracts with performers. MomoCon additionally provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22. MomoCon learned from the SBA's portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found MomoCon ineligible.

23. On August 10, 2021, MomoCon submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, MomoCon's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue promoter. MomoCon explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue promoter. MomoCon's supporting documentation included: profit and loss statements for 2019 and 2020; contractor agreements with live performing artists that provide for fair payment; sample box office reports reflecting ticket pricing, amount sold and voided, and total sales; marketing materials, including contracts for paid promotions, pictures depicting sample promotional materials, and screenshots of social media engagement with MomoCon's promotional posts; venue rental agreements which include lighting, sound, box office personnel, and security; contracts for sound engineers, stage managers, and additional lighting and sound equipment; 2019 and 2020 federal tax returns; floorplan and computer generated diagrams of the stage; photographs of performance space, audience space, sound and lighting equipment, and actual performances; and a personnel

list reflecting promoters, box office managers, bookers, and office manager. MomoCon also submitted three letters from: (1) its certified public accountant verifying MomoCon's good standing with the Internal Revenue Service and state tax authorities; (2) the City of Atlanta's Convention and Visitor's Bureau confirming MomoCon's existence since 2009, eligibility for an SVOG award, and MomoCon's $30 million-dollar economic impact on Atlanta; and (3) the Metro Atlanta Chamber validating the multi-million dollar economic impact of MomoCon's annual event on Atlanta and the size of the annual event, which includes "performances and over thirty (30) music concerts." The City of Atlanta's Convention and Visitor's Bureau and the Metro Atlanta Chamber also noted a similarly situated entity—competitor of MomoCon—received an SVOG award, which further evidenced MomoCon's eligibility.

24. On August 18, 2021, the SBA notified MomoCon by email that its appeal was denied. As with the denial of MomoCon's application, the SBA gave no reason for denying the appeal.

25. The SBA's denial of MomoCon's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

26. The courts recognize a strong presumption favoring judicial review of administrative action.

27. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

28. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

29. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

30. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

31. MomoCon realleges and incorporates by reference each of the preceding paragraphs and allegations.

32. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying MomoCon's application, nor did it provide any reason when it denied MomoCon's appeal.

33. Indeed, the SBA's decision on MomoCon's application conflicts with the evidence of MomoCon's eligibility that it presented to SBA in its application and in its appeal.

34. The SBA further erred by treating MomoCon disparately from similarly situated businesses that were granted SVOG awards. Specifically, the SBA approved the SVOG applications of at least five of MomoCon's direct competitors. These entities hire the same performers and staff and host similar events.

35. For each of these reasons, the SBA's denial of MomoCon's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

36. MomoCon realleges and incorporates by reference each of the preceding paragraphs and allegations.

37. MomoCon meets the Act's definition of live venue promoter and satisfies the Act's general eligibility criteria for a SVOG award.

38.   The SBA's denial of MomoCon's SVOG award request therefore violated the Act and is contrary to law.

**COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

39.   MomoCon realleges and incorporates by reference each of the preceding paragraphs and allegations.

40.   The SBA's denial of MomoCon's SVOG award request is supported by no evidence in the record, let alone substantial evidence.  MomoCon's application and appeal presented evidence that demonstrates MomoCon is eligible for a SVOG award.

41.   The SBA's denial of MomoCon's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, MomoCon respectfully requests that this Court:

1.   Declare unlawful and set aside Defendants' denial of MomoCon SVOG award request.

2.   Preliminarily and permanently order Defendants to consider MomoCon's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.   Preliminarily and permanently order Defendants to award MomoCon $1,044,330.08 in SVOG funds.

4.   Preliminarily and permanently order Defendants to grant MomoCon a supplemental SVOG award of $522,165.04

5.   Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260

§ 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

      6.      Award Plaintiffs their costs and reasonable attorney fees; and

      7.      Grant such other and further relief as the Court deems just and proper.


Dated: September 9, 2021

Respectfully submitted,

/s/ Caroline L. Wolverton
_____
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
Samantha J. Block
D.C. Bar No. 1617240
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4000

*Counsel for Plaintiff MomoCon, LLC*