**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                          |   |                     |             |
|------------------------------------------|---|---------------------|-------------|
| MOMOCON, LLC,                            | : |                     |             |
|                                          | : |                     |             |
|     Plaintiff,       | : | Civil Action No.:   | 21-2386 (RC)|
|                                          | : |                     |             |
|     v.               | : | Re Document No.:    | 59, 68, 69  |
|                                          | : |                     |             |
| SMALL BUSINESS ADMINISTRATION,           | : |                     |             |
| *et al.*,                                | : |                     |             |
|                                          | : |                     |             |
|     Defendants.      | : |                     |             |

**MEMORANDUM OPINION & ORDER**

**DENYING DEFENDANTS' MOTION TO STAY**

This is an action between Plaintiff MomoCon, LLC ("MomoCon") and Defendants U.S. Small Business Administration and its Administrator, Isabella Casillas Guzman (collectively, "SBA"). MomoCon seeks review of the SBA's denial of its application for Shuttered Venue Operators Grant ("SVOG") funds. The Court previously granted summary judgment for MomoCon and remanded the case to the SBA. On remand, the SBA denied MomoCon's application for a second time. The parties then moved for summary judgment again.

After summary judgment briefing concluded, the SBA made a motion to stay the case, arguing that the case was moot because the SBA no longer possessed any SVOG funds. The SBA later recouped some SVOG funding and withdrew its mootness argument. The SBA nonetheless continued to argue that the Court should stay proceedings until the D.C. Circuit resolved *Concert Investor, LLC v. Small Business Administration*, No. 22-5233 (D.C. Cir. filed Sept. 29, 2022). MomoCon opposes the motion to stay, arguing that the Court should decide this case without further delay. For the reasons stated below, the Court denies the SBA's motion.

## I. BACKGROUND

MomoCon first applied for a SVOG award on April 26, 2021, the first day that the SBA began accepting applications.  Pl.'s Mem. of P. & A. in Opp'n to Defs.' Mot. to Stay ("MomoCon's Opp'n"), Ex. 1 (Decl. of Christopher Stuckey ("Stuckey Decl.")) ¶ 5, ECF No. 61-1.  The SBA denied the application and MomoCon filed an application for judicial review on September 9, 2021.  *See* Compl., ECF No. 1.  On February 10, 2022, the Court granted summary judgment in favor of MomoCon, holding that the SBA's denial was arbitrary and capricious (1) for "failure to explain why similar companies' applications were granted" and (2) in its "determination that MomoCon does not have the right principal business activity."  Mem. Op. at 10, ECF No. 32.  The Court remanded the matter to the SBA to address these issues.  *Id.* at 20.

On remand, the SBA again denied the application on August 1, 2022.  MomoCon filed an amended complaint to challenge this denial, *see* Am. Compl., ECF No. 14-1, and moved for summary judgment on November 4, 2022, arguing that the SBA's second denial was arbitrary and capricious, Pl.'s Mem. P. & A. Supp. Mot. Summ. J. ("Pl.'s Mem."), ECF No. 53.  The SBA also moved for summary judgment, arguing that this denial was consistent with the statute and supported by the evidence.  Defs.' Combined Mem. in Supp. of Its Mot. for Summ. J. & Opp'n to Pl.'s Mot. for Summ. J. ("Defs.' Opp'n & Mem.") at 10–16, ECF No. 55.

On January 24, 2023, the SBA moved for a stay of the case until the D.C. Circuit resolved *Concert Investor*, because, in that case, the government argued that challenges to SVOG denials were moot because Congress had rescinded the program's remaining funds.  Defs.' Mot. to Stay, ECF No. 59.  MomoCon opposed the motion.  *See* MomoCon's Opp'n.  Later, the SBA recouped a significant amount of funds from entities that were not actually eligible for an award,

or did not spend their whole grant award. Therefore, on July 28, 2023, the SBA withdrew its mootness argument. Defs.' Notice Regarding Mootness, ECF No. 68.

In that same notice, however, the SBA renewed its request for a stay, arguing that "the D.C. Circuit likely will address an issue that may be dispositive in this case—whether or not the Agency must issue Plaintiff an award even if it is ineligible, merely because it previously issued an award to an ostensibly similarly-situated entity later determined to be ineligible for an award, and has not yet recouped that entity's award." *Id.* at 2. On September 13, 2023, MomoCon filed a response opposing the stay. Pl. Resp. to Defs.' Notice Regarding Mootness, ECF No. 69. MomoCon argued that it would be harmed by any additional delay in deciding the case, and that other courts handling similar SVOG cases have lifted their stays. *Id.* at 5–9.

## II.  LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (internal quotation marks omitted). But "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

In considering a request to stay litigation, courts "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Id.* at 732–33 (quoting *Landis*, 299 U.S. at 255) (internal citation omitted). Courts "make such determinations in . . . light of the particular circumstances of the

3

case," *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), including potential

hardships arising from delay caused by a stay, *see Nat'l Indus. for Blind v. Dep't of Veterans*

*Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017).  Other factors that bear on whether to issue a stay

include whether (1) "determination of the appeal in the first action will . . . preclude the entire

second action" or instead, the second case involves "claims or issues that must be tried regardless

of the outcome of the first action," and (2) there are "cogent reasons to fear the effects of delay."

18A Arthur Wright et al., *Fed. Prac. & Proc. Juris.* § 4433 (3d ed. Apr. 2022 update); *accord*

*Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017) (same).

### III.  ANALYSIS

While the mootness issue that originally motivated the SBA's motion to stay is now

ironically a moot point, the Court still must consider whether the case should be stayed pending

resolution of the D.C. Circuit's decision in *Concert Investor*.  The Court finds that the Circuit's

decision would at most resolve only one of the issues being contested in the summary judgment

motions, and therefore denies the motion to stay.

Defendants argue that the D.C. Circuit's *Concert Investor* opinion will sort out whether

MomoCon is entitled to a SVOG award because the SBA had previously issued an award to

allegedly similarly-situated entities.  Defendants emphasize that their position in *Concert*

*Investor* is that "the APA does not require the Agency to extend the benefit of its prior mistake in

granting an ineligible entity an award to all newcomers" and that "so long as the Agency

explains during litigation that its previous issuance of an award to an entity later determined to

be ineligible was simply a mistake, the fact that an award denial letter issued to a plaintiff does

4

not itself contain such explanation amounts, at most, to harmless error under 5 U.S.C. § 706."[1] Defs.' Notice Regarding Mootness at 2.  And indeed, MomoCon argues in its motion for summary judgment that the SBA's second denial does not rectify its differential treatment versus its competitors, because the denial only stated that the SBA would recommend recoupment of awards to competitors rather than the SBA actually recouping those awards.  Pl.'s Mem. at 10.

But while this issue is important to this litigation, it is not necessarily dispositive. MomoCon's "argument about similarly situated entities is but one argument it asserts in this action."  Pl. Resp. to. Defs.' Notice Regarding Mootness at 5.  Beyond that argument, the Court must also complete its arbitrary and capricious analysis by deciding (1) whether the SBA was obligated to assess the "significance" of MomoCon's live events and (2) whether the SBA correctly calculated the proportional hours of live events at MomoCon 2019.  *Id.* at 5–6.  The Court thus disagrees with the SBA's argument that a stay is warranted because the decision in *Concert Investor* "whether favorable or adverse to Defendants, likely will render unnecessary any resources that this Court expends addressing the issue on its own."  Defs.' Notice Regarding Mootness at 3.  That may be true for one issue, but not all.

Moreover, as MomoCon shows, "other judges in this District have lifted stays pertaining to other SVOG cases where the SBA withdrew its mootness argument."  Pl. Resp. to. Defs.' Notice Regarding Mootness at 5; *see e.g.,* Min. Order, *Creation Ent., Inc. v. Small Bus. Admin.*, No. 1:22-cv-00684-ABJ (lifting stay and setting briefing schedule); Min. Order, *Atl. Arts Found. v. Small Bus. Admin.*, No. 1:22-cv-02109-DLF (D.D.C. Aug. 8, 2023) (lifting stay and setting briefing schedule); Min. Order, *Monkey Jungle, Inc. v. Small Bus. Admin.*, No. 1:22-cv-02537-

---

[1] Of note, the Court has listened to the oral argument in *Concert Investor* and that issue was barely mentioned by the panel or the parties.

JDB (D.D.C. Aug. 11, 2023) (lifting stay and finding that the D.C. Circuit's decision in *Concert Investor* is not likely to be "dispositive" or to "significantly narrow the issues" (quoting *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 173–74 (D.D.C. 2011))).

Finally, although the D.C. Circuit recently held oral argument in *Concert Investor* on November 16, 2023, it is unclear when the Circuit will issue its opinion in that case. This action and the current motions for summary judgment have been pending for quite some time, and the Court agrees that a stay would increase uncertainty and harm MomoCon as it addresses its post-pandemic financial operations. *See generally* Stuckey Decl. ¶¶ 7–17 (detailing MomoCon's revenue shortfalls). Even if the eventual D.C. Circuit decision in *Concert Investor* may bear upon on the ultimate outcome of this litigation, the parties would benefit from no further delay on receiving the Court's view of the SBA's second denial. *See En Fuego Tobacco Shop LLC v. U.S. Food & Drug Admin.*, 356 F. Supp. 3d 1, 11–12 (D.D.C. 2019) (declining to issue stay when defendants argued that a D.C. Circuit decision would likely control the outcome of central claims in the case). Thus, the SBA has failed to meet its burden of demonstrating a stay is appropriate here.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' motion to stay (ECF No. 59), as supplemented in Defendants' Notice Regarding Mootness (ECF No. 68), is **DENIED**.

**SO ORDERED.**

Dated:  December 22, 2023                                        RUDOLPH CONTRERAS
                                                                               United States District Judge

6