UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MOMOCON, LLC, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 21-2386 (RC) |
| | : | | |
| v. | : | Re Document No.: | 75 |
| | : | | |
| SMALL BUSINESS ADMINISTRATION, *et al.*, | : | | |
| | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

**I. INTRODUCTION**

Plaintiff MomoCon, LLC ("MomoCon") sued Defendants, the U.S. Small Business Administration and Administrator Isabella Casillas Guzman (collectively, "SBA"), claiming that SBA's denial of MomoCon's application for Shuttered Venue Operators Grant ("SVOG") funds was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). On October 1, 2021, the Court granted SBA's motion for voluntary remand. *See* Min. Order dated Oct. 1, 2021. On remand, SBA denied MomoCon's application for the second time. MomoCon challenged this decision again, and both parties moved for summary judgment. The Court granted summary judgment for MomoCon and remanded the case to SBA "for supplementation of the administrative record as necessary regarding MomoCon's competitors." 2022 Summ. J. Order, ECF No. 30. On remand, SBA denied MomoCon's application for the third time. After SBA's third denial, MomoCon and SBA moved again for summary judgment. On this second motion for summary judgment, the Court denied MomoCon's motion and granted SBA's motion for summary judgment. *See MomoCon, LLC v. Small Bus. Admin.*, No. 21-cv-2386, 2023 WL

8880335, at *11 (D.D.C. Dec. 22, 2023). MomoCon now moves for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), arguing that it is entitled to fees as the prevailing party following the 2022 Summary Judgment Order. For the reasons stated below, the Court denies MomoCon's motion.

## II. FACTUAL BACKGROUND

The Court's earlier opinion described the background of this case in detail. *See MomoCon, LLC*, 2023 WL 8880335, at *1–4. The Court will therefore review only those details that are relevant at this stage in the proceedings or otherwise most central to the case.

MomoCon is a festival organization that annually produces a 4-day anime-themed convention. *See id.* at *2. The convention features an exhibition hall, cosplay opportunities, meet and greets, gaming, and panel discussions in addition to live musical performances and theatrical productions. *See id.* Due to the COVID-19 pandemic, MomoCon 2020 and MomoCon 2021 were both cancelled. *See id.*

Seeking financial assistance for lost revenues, MomoCon applied for an SVOG grant of $1,044,330.08. *See id.*; *see also* Compl., ECF No. 1. SVOG is a funding program established by the Economic Aid to Hard-Hit Small Business, Nonprofits and Venue Act to provide financial relief to shuttered venue operators during COVID-19. *MomoCon, LLC*, 2023 WL 8880335, at *1. The statute lists out categories of businesses eligible for the grant, including "live venue operator[s] or promoter[s]." 15 U.S.C. § 9009a(a)(1)(A). More specifically, an operator or promoter is "an individual or entity . . . that, as a principal business activity, organizes, promotes, produces, manages, or hosts live concerts, comedy shows, theatrical productions, or other events by performing artists." *Id*. § 9009a(a)(3)(A)(i)(I). To be eligible for this category, (1) there must be a ticketed entrance charge, (2) performers must be paid based on a percentage of sale or

guaranteed amount by contract, and (3) not less than 70% of revenue must be generated through ticket sales or event beverages, food, or merchandise.  *See id*. § 9009a(a)(3)(A)(i)(I)–(II).

SBA denied MomoCon's application for SVOG funds.  *See MomoCon, LLC*, 2023 WL 8880335, at *2.  On September 9, 2021, MomoCon challenged this decision under the APA.  *Id.* at *3.  SBA moved for a voluntary remand, and the Court granted this motion.  *See* Min. Order dated Oct. 1, 2021.  On October 15, 2021, SBA denied MomoCon's application for the second time, concluding that MomoCon had failed to establish the requisite principal business activity.  *MomoCon, LLC*, 2023 WL 8880335, at *3*.  MomoCon challenged this decision again, and both parties moved for summary judgment.  *Id.* at *4.

On February 10, 2022, the Court granted MomoCon summary judgment and remanded the case back to SBA.  *See* 2022 Summ. J. Order.  The Court held that SBA's second denial was arbitrary and capricious because SBA failed to explain why it treated MomoCon differently than other potentially similar companies and failed to examine relevant record evidence on MomoCon's application for SVOG eligibility.  *See* Mem. Op. at 9, 15, ECF No. 32.  In addition to the remand, the Court instructed SBA to "supplement[] the administrative record as necessary regarding MomoCon's competitors."  *Id.* at 20.

On April 14, 2022, MomoCon moved for a status conference to expedite SBA's evaluation process.  Pl.'s Mot. for Status Conf. 1–2, ECF No. 33.  On May 18, 2022, the Court held a status conference to discuss the cause for delay in the process and set a deadline for SBA to make its decision.  *See* Tr. of Status Conference, ECF No. 36.  Shortly after the status conference, the Court ordered SBA to provide a decision by June 17, 2022.  *See* Min. Order dated May 18, 2022.

On June 17, 2022, in compliance with the Court's order from the status conference, SBA issued a new decision that for the third time determined that MomoCon was ineligible for SVOG funds. *MomoCon, LLC*, 2023 WL 8880335, at *3. SBA amended the decision on July 15, 2022, and again on August 1, 2022, submitting its Final Remand Decision. *Id.*

In July 2022, MomoCon, unsatisfied with the results, moved to enforce the 2022 Summary Judgment Order, *see* Pl.'s Mot. to Enforce J., ECF No. 39, withdrew that motion, *see* Pl.'s Notice Withdrawal Mot., ECF No. 42, and filed a Second Amended Complaint challenging SBA's decision as arbitrary and capricious once again and this time adding the Court's 2022 February Summary Judgment Order and post-remand events in the facts. Second Am. Compl. ¶¶ 38–57, ECF No. 48-1. In late 2022, both MomoCon and SBA moved again for summary judgment. *See* Pl.'s Mot. Summ. J., ECF No 53; Def.'s Mot. Summ. J., ECF No. 55.

This time, the Court granted summary judgment to SBA and denied MomoCon's motion, finding that SBA had rectified in its Final Remand Decision its errors in explaining why MomoCon fails to meet the eligibility requirements, and that the agency had alleviated its previous failure to differentiate MomoCon from its competitors. *MomoCon, LLC*, 2023 WL 8880335, at *10.

MomoCon filed this motion to recover approximately $80,000 in attorney's fees under the Equal Access to Justice Act, arguing that the fees are justified because the 2022 remand to SBA renders it the prevailing party. *See* Pl.'s Mot. for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Pl.'s Mot."), ECF No. 75. SBA opposed MomoCon's request for fees, *see* Def.'s Opp'n to Pl.'s Mot. for Attorney's Fees and Costs ("Def.'s Opp'n"), ECF No. 79, and MomoCon filed a reply, *see* Pl's Reply Mem. in Support of Mot. for Attorney's Fees ("Pl.'s Reply"), ECF No. 80. MomoCon's motion is thus ripe for review.

### III. LEGAL STANDARD

The Equal Access to Justice Act allows a plaintiff "to obtain expenses in litigation against the federal government." *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 941 (D.C. Cir. 2005). Specifically, the statute authorizes courts to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To recover attorney's fees, costs, and expenses under the EAJA, a claimant must therefore show "(1) that the claimant [was] a 'prevailing party'; (2) that the government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) that pursuant to 28 U.S.C. § 2412(d)(2)(B), [the claimant] satisf[ies] all of the EAJA's threshold eligibility requirements." *Am. Great Lakes Ports Ass'n v. Zukunft*, No. 16-cv-1019, 2021 WL 878891, at *2 (D.D.C. Mar. 9, 2021) (quoting *Ctr. for Food Safety v. Burwell*, 126 F. Supp. 3d 114, 119 (D.D.C. 2015)). If the court finds that all four factors are met, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking fees bears the "burden of establishing entitlement to an award and documenting the appropriate hours expended . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437.

### IV. ANALYSIS

The EAJA requires MomoCon, the party seeking fees and costs, to show that it meets the four conditions laid out above. Here, MomoCon argues that it has met the four conditions and articulates its contentions for each one. SBA does not dispute the third and fourth conditions—

5

that no special circumstances exist and that MomoCon meets the EAJA's eligibility requirements. *See* Def.'s Opp'n at 5 n.2; *see also Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."). Thus, MomoCon's entitlement to fees hinges on the first condition of whether it was the "prevailing party" and the second condition of whether SBA's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). As detailed below, because MomoCon was not the prevailing party, the Court holds that MomoCon is not entitled to attorney's fees under EAJA.

A prevailing party, the Supreme Court has explained, "is one who has been awarded some relief by a court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). Courts in this circuit employ a three-part test to determine whether a litigant is a prevailing party: "(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *SecurityPoint Holdings, Inc. v. Transp. Sec. Admin.*, 836 F.3d 32, 36 (D.C. Cir. 2016) (quoting *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 23–24 (D.C. Cir. 2015)); *see also Thomas v. Nat'l Sci. Found.,* 330 F.3d 486, 492–93 (D.C. Cir. 2003).

The Court starts by considering the first prong. For a court order to sufficiently alter the legal relationship of parties, the order must require a concrete action, or cessation of an action, on the part of the non-prevailing party. *Thomas,* 330 F.3d at 494. An order "requir[ing] an agency to fulfill its existing legal obligations" that an uncooperative agency had previously sought to avoid also constitutes a "court-ordered change in the legal relationship between the plaintiff and defendant." *Campaign for Responsible Transplantation v. FDA*, 511 F.3d 187, 193

(D.C. Cir. 2007) (citing *Buckhannon*, 532 U.S. at 604).  In a remand of an agency finding, this first prong can be met when a petitioner "secures a remand *terminating* the case and requiring further administrative proceedings in light of agency error . . . [even] without regard to the outcome on remand." *SecurityPoint*, 836 F.3d at 39 (emphasis added).  However, the court must have terminated the case, meaning "remand[ing] . . . without retaining jurisdiction." *Id.* at 38.  For "[w]hen a court retains jurisdiction, the civil action remains ongoing, and any fee motion must await final judgment." *Id.*  "In such a case, the remand order is only an interim victory; final judgment will not be entered until proceedings on remand conclude, and the determination of prevailing-party status properly awaits the sequel (e.g., an outcome at the agency favorable to the plaintiff . . . or continued dispute in court)." *Id.*

MomoCon argues that this prong is met because the 2022 Summary Judgment Order required SBA to fulfill its existing legal obligation by rejecting SBA's arguments, finding that SBA acted arbitrarily and capriciously in making its decision, and ordering the agency to conduct further investigation.  *See* Pl.'s Mot. at 5.  Furthermore, MomoCon contends that the Court did not retain jurisdiction and terminated the case.  *See* Pl.'s Reply at 2.  SBA argues that this prong is not met because there was no court-ordered change in the legal relationship of the parties, and the summary judgment order lacked judicial imprimatur.[1]

---

[1] SBA argues, regarding judicial imprimatur, that there must be some real-world benefit to a plaintiff for it to be a prevailing party.  This is simply no longer true.  SBA bases its arguments on cases such as *Poett v. United States*, 742 F. Supp. 2d 113 (D.D.C. 2010), which directly cite *Waterman S.S. Corp. v. Mar. Subsidy Bd.*, 901 F.2d 1119 (D.C. Cir. 1990), to propose the importance that a prevailing party "garner[] a benefit in the real world, outside the judicial/administrative process."  However, a D.C. Circuit panel concluded in *SecurityPoint* that the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292 (1993), rendered the Circuit's holding in *Waterman* untenable.  *See SecurityPoint*, 836 F.3d at 37.  The Circuit has explained that "[g]enerally, a panel decision can be overruled only through *en banc* review." *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 891 n.2 (D.C. Cir. 2021).  Where "the heavy

The fact of the matter is that the Court did retain jurisdiction over this case after the 2022 Summary Judgment Order. *See Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008) (recognizing that courts have "discretion to retain jurisdiction over a case pending completion of a remand and to order the filing of progress reports"). Although the remand order itself did not explicitly state that the Court retained jurisdiction, nor require specific deadlines for SBA, the Court did instruct SBA to "supplement[] the administrative record as necessary regarding MomoCon's competitors" in compliance with the opinion and oversaw the process to see if the agency complied with its obligation. 2022 Summ. J. Order; *see also Sullivan v. Hudson,* 490 U.S. 877, 886 (1989) ("In many remand situations, the court will retain jurisdiction over the action pending the Secretary's decision and its filing with the court."); *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001) ("[F]ederal courts regularly retain jurisdiction until a federal agency has complied with its legal obligations").

Based on the Court's interactions with the parties post-remand, it is clear this "civil action remain[ed] ongoing." *SecurityPoint*, 836 F.3d at 38; *see also id.* ("When a court retains jurisdiction, the civil action remains ongoing, and any fee motion must await final judgment. In such a case, the remand order is only an interim victory; final judgment will not be entered until proceedings on remand conclude, and the determination of prevailing-party status properly

---

administrative burdens of *en banc* review" are not warranted, however, such as when a Supreme Court decision clearly overrules prior precedent, *id.*, a panel may instead "seek for its proposed decision the endorsement of the en banc court, and announce that endorsement in a footnote to the panel's opinion." *Oakey v. U.S. Airways Pilots Disability Income Plan*, 723 F.3d 227, 232 n.1 (D.C. Cir. 2013). The D.C. Circuit panel took this route in *SecurityPoint*, circulating the opinion to the full court and securing approval of the portion overruling *Waterman* based on the Supreme Court's reasoning in *Shalala*. *See SecurityPoint*, 836 F.3d at 35 n.1. This indication of *en banc* approval is contained in a so-called "*Irons* footnote," which is "named after the holding in *Irons v. Diamond*, 670 F.2d 265, 267–68 & n.11 (D.C. Cir. 1981)." *Robinson v. Dep't of Homeland Sec. Off. of Inspector Gen.*, 71 F.4th 51, 56 (D.C. Cir. 2023).

awaits the sequel."). Approximately two months after the remand was ordered, MomoCon moved for a status conference to ask the Court to order SBA to comply with the remand order. Pl.'s Mot. for Status Conf. 1–2. On May 18, 2022, the Court exercised its ongoing jurisdiction by holding a status conference to determine when SBA could complete its decision. Min. Order dated May 18, 2022. If, however, the Court had denied MomoCon's request, that may have signaled that the Court no longer retained jurisdiction. *See Nix v. Billington*, 448 F.3d 411, 415 (D.C. Cir. 2006) (finding that where the remanding Court denied parties' request for a status hearing on the ground that it lacked jurisdiction, it disengaged itself entirely from the case). But instead, the Court heard both parties and ordered SBA to provide a new decision by June 17, 2022. Min. Order dated May 18, 2022.

      This case is similar to the Court's recent decision in *Blanco v. Wormuth*, No. 22-cv-1883, 2024 WL 3967255 (D.D.C. Aug. 27, 2024). Just like the remand order in this case, the remand in *Blanco* "did not explicitly retain jurisdiction." *Id.* at *3. However, because the remand ordered the agency to reconsider the plaintiff's claims before a certain deadline and required the parties to submit a status report after agency's reconsideration, the Court held that it retained jurisdiction. *Id.* at *4. The one difference is that in *Blanco*, the deadline for a new decision and the order for status report were explicitly written in the remand order. *Id.* at *3. However, considering that the "[C]ourt retains the power . . . to [ensure] that its prior mandate is effectuated," *Sullivan*, 490 U.S. at 886, and that this Court did exercise that power by setting a deadline for SBA, Min. Order dated May 18, 2022, it would defy common sense to conclude that this Court lacked jurisdiction over the case merely because the remand order did not explicitly outline the Court's general authority. Therefore, the combination of the Court ordering the agency to supplement the record, assigning a deadline for a new decision in compliance with the

9

remand, and the taking an active role post-remand by convening a hearing in this case "strongly suggest that the Court did, in fact, retain jurisdiction." *See Blanco*, 2024 WL 3967255 at *3.

Furthermore, the Parties' actions post-remand demonstrate that they also believed the Court retained jurisdiction. For one, SBA did not argue that the Court lacked jurisdiction in its opposition to MomoCon's motions for status conference. *See* Defs' Opp'n to Mot. for Status Conf. 1–6, ECF No. 34. Moreover, the EAJA requires the plaintiff to move for attorney's fee within 30 days from the entry of final judgment. 28 U.S.C. § 2412(d)(1)(B). However, MomoCon did not move for attorney's fees after the 2022 Summary Judgment Order. Instead, MomoCon moved for attorney's fees only after the 2023 Summary Judgment Order, displaying that it understood this to be the actual final judgment.

If the Court's ongoing jurisdiction were not already clear to both parties, it should have become unmistakably so when MomoCon filed a Second Amended Complaint in which it discussed this Court's jurisdiction of the case, *see* Second Am. Compl. at 3, ECF No. 48-1, and when SBA filed an answer to the amended complaint also addressing this Court's jurisdiction over the matter, *see* Answer to Second Am. Compl. ¶¶ 9–11, ECF No. 50. This amended complaint and subsequent motions led to the Court issuing a second summary judgment decision on the same issues. *See generally MomoCon, LLC*, 2023 WL 8880335. These activities and the docket as a whole strongly suggest that the Court did, in fact, exercise its "discretion to retain jurisdiction." *Baystate Med. Ctr.*, 587 F. Supp. 2d at 41.

To argue that the Court lacked jurisdiction, MomoCon cites only *SecurityPoint*, which is clearly distinguishable from this case. 836 F.3d 32; Pl.'s Reply at 2. In *SecurityPoint*, the D.C. Circuit heard a challenge to a decision by the Transportation Security Administration ("TSA"). 836 F.3d at 35. In its opinion finding TSA's order arbitrary and capricious, the D.C. Circuit

simply said "TSA's order is *Vacated and remanded*." *SecurityPoint Holdings, Inc. v. TSA*, 769 F.3d 1184, 1189 (D.C. Cir. 2014). The D.C. Circuit's next involvement in the case occurred when it considered the plaintiff's request for attorney's fees under the EAJA. *See SecurityPoint*, 836 F.3d at 35. In essence, there was no direct or explicit involvement by the court or exercise of its discretionary powers to oversee the progress or compliance of the remand order. *See id.* ("After the proceedings on remand were completed, the parties submitted additional briefs on the fee motion"). Comparing that with the Court's active involvement in this case post-remand, it would be fair to hold that the "civil action remain[ed] ongoing" in this Court, which "retain[ed] jurisdiction." *See id.* at 38. The "remand order" was therefore "only an interim victory" for MomoCon. *See id.* ("When a court retains jurisdiction . . . the remand order is only an interim victory.").

The Court thus concludes that it retained jurisdiction when it remanded the case to SBA via the 2022 Summary Judgment Order. Consequently, MomoCon cannot show that the remand order effectuated a "court-ordered change in the legal relationship of the parties." *Id.* at 36. As a result, MomoCon is not a prevailing party, and the Court need not consider the remaining prongs of the prevailing-party test. As MomoCon does not meet all four conditions required by the EAJA, MomoCon's motion for attorney's fees and costs must be denied.

## V.  CONCLUSION

For the foregoing reasons, Momocon, LLC's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (ECF No. 75) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 22, 2024                                      RUDOLPH CONTRERAS
                                                                United States District Judge

11